O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIJAH SMITH,<br><br>            Petitioner,<br><br>    vs.<br><br>CALIFORNIA MEN'S COLONY,<br><br>           Respondent. | Case No. CV 10-1577-GAF (DTB)<br><br>ORDER VACATING REPORT AND RECOMMENDATION, DISMISSING FIRST AMENDED PETITION WITH LEAVE TO AMEND, AND APPOINTING COUNSEL FOR PETITIONER |

On March 15, 2010, the Court issued a Report and Recommendation recommending the dismissal without prejudice of this action for, inter alia, failure to state a proper habeas claim, failure to exhaust available state remedies, and failure to name the proper respondent. Petitioner was ordered to file any objection by March 29, 2010. The Report and Recommendation apparently crossed in the mail with petitioner's second Petition for Writ of Habeas Corpus, which was filed herein on March 19, 2010, and which the Court construes as petitioner's First Amended Petition ("FAP").

Based on the belated filing of the FAP, the Report and Recommendation is hereby VACATED. However, the Court's review of the FAP reveals that it suffers from the same deficiencies as its predecessor. Specifically, the Court notes the following deficiencies in the FAP:

1

1.      Under 28 U.S.C. § 2254(a), petitioner may only seek habeas relief if he is contending that he is in custody in violation of the Constitution or laws or treaties of the United States. See also Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S. Ct. 475, 116 L. Ed. 2d 385 (1991) ("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."); Smith v. Phillips, 455 U.S. 209, 221, 102 S. Ct. 940, 71 L. Ed. 2d 78 (1982) ("A federally issued writ of habeas corpus, of course, reaches only convictions obtained in violation of some provision of the United States Constitution."). Here, due to the vague and relatively incomprehensible nature of petitioner's claims, it is impossible for the Court to ascertain whether any of the grounds for relief alleged in the FAP raises a federal constitutional claim. Petitioner has failed to specify the grounds upon which he seeks relief, and has failed to adequately specify the facts supporting each ground, as required by Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Court ("Habeas Rules"). As such, petitioner has failed to demonstrate that the claims contained in the FAP implicate a federal constitutional claim.

2.      As the Court previously advised petitioner, under 28 U.S.C. § 2254(b), habeas relief may not be granted unless petitioner has exhausted the remedies available in the courts of the State.[1] Exhaustion requires that the prisoner's contentions be fairly presented to the State courts, and be disposed of on the merits by the highest court of the State. See James v. Borg, 24 F.3d 20, 24 (9th Cir. 1994); Carothers v. Rhay, 594 F.2d 225, 228 (9th Cir. 1979). Moreover, a claim has not been

---

[1] The habeas statute explicitly provides that a habeas petition brought by a person in state custody "shall not be granted unless it appears that - (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1).

fairly presented unless the prisoner has described in the state court proceedings <u>both</u> the operative facts and the federal legal theory on which his claim is based.  <u>See</u> <u>Duncan v. Henry</u>, 513 U.S. 364, 365-66, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995); <u>Picard v. Connor</u>, 404 U.S. 270, 275-78, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971).  As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition.  <u>Rose v. Lundy</u>, 455 U.S. 509, 518-22, 102 S. Ct. 1198, 71 L. Ed. 2d 179 (1982).  Petitioner has the burden of demonstrating that he has exhausted available state remedies.  <u>See</u>, <u>e.g.</u>, <u>Brown v. Cuyler</u>, 669 F.2d 155, 158 (3d Cir. 1982).  Here, again, it is unclear whether petitioner has exhausted the claims set forth in the FAP in the California Supreme Court, and, therefore, petitioner has not met his burden with respect to any of his claims.  Specifically, while petitioner alleges that he sought review in the California Supreme Court (<u>see</u> FAP at 5), he does not set forth any "claims" raised therein, and certainly does not indicate that he has exhausted the "claims" which he raises in the FAP.  Moreover, a review of the California Appellate Court website indicates that petitioner has not filed a habeas petition or Petition for Review with the California Supreme Court; instead, the only filing by petitioner is a habeas petition to the Second District Court of Appeal, which was filed August 6, 2009, and which was denied on August 14, 2009.

      3. Finally, petitioner has again failed to list the proper respondent in the FAP.  Pursuant to Rule 2(a) of the Habeas Rules, petitioner must list the state officer who currently has custody of him, which is ordinarily the warden of his current penal institution.  Here, petitioner has not listed a respondent.  Petitioner must, instead, list the warden of the institution where he is currently incarcerated.

      For the foregoing reasons, the FAP is dismissed with leave to amend.  If petitioner desires to pursue this action, his counsel (see below) is ORDERED to file a Second Amended Petition on the current version of the approved Central District habeas form within forty-five (45) days of the date of this Order.

Case 2:10-cv-01577-CAS-DTB   Document 13   Filed 03/26/10   Page 4 of 11   Page ID #:56

**Order Appointing Counsel for Petitioner**

The Court is empowered by Rule 8(c) of the Rules Governing Section 2254 Cases in the United States District Courts and 18 U.S.C. § 3006A(a)(2)(B) to appoint counsel at any stage of a habeas proceeding if it determines that "the interests of justice so require." Here, after duly considering petitioner's demonstrated inability to articulate clearly his claims and to rectify the deficiencies of which he previously was apprised, and the possibility that petitioner may lack the ability or capacity to properly proceed in this process, the Court has concluded that the interests of justice in this case would be served by the appointment of counsel for petitioner. Accordingly, **the Office of the Federal Public Defender is hereby appointed as counsel for petitioner.** (The clerk is directed to serve a copy of this Order on the Office of the Federal Public Defender, Attn: Mark Drozdowski, along with a copy of the FAP.)

Within the time parameter set forth above (subject to any reasonable extensions sought and granted), petitioner's counsel is ORDERED to confer with petitioner and then file either a Second Amended Petition rectifying the deficiencies of the FAP, or a notice of voluntary dismissal if counsel concludes that this action cannot properly be maintained.

DATED: March 26, 2010

_____
DAVID T. BRISTOW
UNITED STATES MAGISTRATE JUDGE

Name: ELIJAH M. SMITH
Address: P.O. BOX 8101
CALIFORNIA MEN'S COLONY
SAN LUIS OBISPO, CA 93409-8101
CDCR or ID Number AB-6995

RECEIVED BUT NOT FILED
CLERK, U.S. DISTRICT COURT

MAR 19 2010

CENTRAL DIVISION OF CALIFORNIA
EASTERN DIVISION    BY DEPUTY

MC-275

FILED
DEPUTY

MAR 19 2010

CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

UNITED STATE DISTRICT COURT
3470 TWELFTH ST, RIVERSIDE, CA 92501
(Court)

SMITH, ELIJAH
Petitioner
vs.

Respondent

PETITION FOR WRIT OF HABEAS CORPUS

No. CV10-1577 GAF (DTB)
(To be supplied by the Clerk of the Court)

## INSTRUCTIONS — READ CAREFULLY

- If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file in the county that made the order.
- If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it in the county in which you are confined.

- Read the entire form *before* answering any questions.

- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.

- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."

- If you are filing this petition in the superior court, you only need to file the original unless local rules require additional copies. Many courts require more copies.

- If you are filing this petition in the Court of Appeal, file the original and 4 copies of the petition and, if separately bound, 1 copy of any supporting documents.

- If you are filing this petition in the California Supreme Court, file the original and 10 copies of the petition and, if separately bound, 2 copies of any supporting documents.

- Notify the Clerk of the Court in writing if you change your address after filing your petition.

Approved by the Judicial Council of California for use under rule 8.380 of California Rules of Court (as amended effective Janurary 1, 2007). Subsequent amendments to rule 8.380 may change the number of copies to be furnished to the Supreme Court and Court of Appeal.

Page 1 of 6

| Form Approved for Optional Use<br>Judicial Council of California<br>MC-275 [Rev. January 1, 2009] | PETITION FOR WRIT OF HABEAS CORPUS | Penal Code, § 1473 at seq.;<br>Cal. Rules of Court, rule 8.380<br>www.courtinfo.ca.gov |
|---|---|---|

American LegalNet, Inc.
www.Forms Workflow.com

**This petitioner concerns:**

☒ A conviction ☒ Parole

☒ A sentence ☐ Credits

☐ Jail or prison conditions ☐ Prison discipline

☐ Other (specify): _____

1. Your name: **SMITH, ELIJAH BKG NO.#1717038**
2. Where are you incarcerated? **CALIFORNIA MEN'S COLONY**
3. Why are you in custody? ☒ Criminal conviction ☐ Civil commitment

   Answer items a through i to the best of your ability.

   a. State reason for civil commitment or, if criminal conviction, state nature of offense and enhancements (for example, "robbery with use of a deadly weapon").
   **ROBBERY TAKEN PLACE AT THE LOCATION AN DEADLY WEAPON WAS CONTAIN STABBING INSIDE THE HOUSE**

   b. Penal or other code sections: **644/187 ATT MURDER PC 245(1) ADW**

   c. Name and location of sentencing or committing court: **COMPTON SUPREME COURT 200 WEST COMPTON BLVD COMPTON CALIFORNIA 90220**

   d. Case number: **TA088418**

   e. Date convicted or committed: **ON OR ABOUT 01/01/2007**

   f. Date sentenced: **ON 07/09/2009 AT 8:30 AM IN SOUTH CENTRAL DISTRICT**

   g. Length of sentence: **FIVE YEAR CONVICTION SENTENCE**

   h. When do you expect to be released? **MARCH 03, 2011**

   i. Were you represented by counsel in the trail court? ☒ Yes ☐ No If yes, state the attorney's name and address:
   **ATTORNEY MATTHEW CHARNEY 200 WEST COMPTON BLVD ROOM 505 COMPTON, CA 90220**

4. What was the LAST plea you entered? (Check one):

   ☒ Not guilty ☐ Guilty ☐ Nolo contendere ☒ Other: **NOT GUILTY ON SELF-DEFENSE**

5. If you pleaded not guilty, what kind of trial did you have? **JURY TRIAL**

   ☒ Jury ☐ Judge without a jury ☐ Submitted on transcript ☒ Awaiting trial

6. **GROUNDS FOR RELIEF**
   **Ground 1:** State briefly the ground on which you base your claim for relief. For example, "The trial court imposed an illegal enhancement." (*If you have additional grounds for relief, use a separate page for each ground. State ground 2 on page 4. For additional grounds, make copies of page 4 and number the additional grounds in order.*)

THE 108TH POLICE OFFICER ARRESTED ELIJAH SMITH AB-6995 ON 107TH AN 106TH STREET WALKING DOWN THE STREET ON BROADWAY BLVD IN LOS ANGELES AREA

a. Supporting facts:
   Tell your story briefly without citing cases or law. If you are challenging the legality of your conviction, describe the facts on which your conviction is based. *If necessary, attach additional pages.* CAUTION: You must state facts, not conclusions. For example, if you are claiming incompetence of counsel, you must state facts specifically setting forth what your attorney did or failed to do and how that affected your trial. Failure to allege sufficient facts will result in the denial of your petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.) A rule of thumb to follow is, *who* did *what* to violate your rights at what time (*when*) or place (*where*). (*If available, attach declarations, relevant records, transcripts, or other documents supporting your claim.*)

LARRY HOLLOWAY BRAKEING ENTERY IN THE BOARD CARE ENTERY IN ELIJAH SMITH BED ROOM AN TAKEN $200.00 DOLLARS AN DOCUMENT OF LEGAL MAIL CONFIDENTIAL ELIJAH SMITH RESULT ASKING FOR HIS MAIL AN MONEY RETURN IT BACK ALSO ELIJAH SMITH TOLD BOTH PERSON TO LEAVE HIS BED ROOM AS BOTH LEFT THE BEDROOM LARRY HOLLOWAY RETURN BACK GOING INTO BED ROOM ELIJAH SMITH AN LARRY HOLLOWAY STARTS TO FRIGHTEN LARRY HOLLOWAY BEN ELIJAH SMITH FINGER WHERE ELIJAH SMITH GAIN STRENGTH REACH ON TELEVISION GRABING KNIFE AN STABBING LARRY HOLLOWAY TWO ACTION OF TIME ON HIS RIGHT UNDER BELOW ARM CIRCUMSTANCE HAPPEN JANUARY 01, 2007

b. Supporting cases, rules, or other authority (<u>optional</u>):
   (*Briefly discuss, or list by name and citation, the cases or other authorities that you think are relevant to your claim. If necessary, attach an extra page.*)

ELIJAH SMITH CV10-1577 GAF DTB CASE REPORT SELF-DEFENCE WHERE ITS SUPPORTING PROTACTING HIM SELF OF WHATS TAKEN PLACE EXAMPLE AVAILABL REASON WHERE THEIR WAS'NT NOBODY THEIR TO HELP IN THIS CIRCUMSTANCE RESULT MADNESS SETTING FORTH

7. **Ground 2 or Ground _____** (*if applicable*):

STAND TRAIL TESTIFY OF THE HEARING WITH THE RIGHT CONFIDENTIAL PRESENTED NATURE ABILITY DETAILS SUBMITTING ON TRANSCRIPT

a. Supporting facts:

"LARRY HOLLOWAY" PERSON HAPPILY TOOK OVER ELIJAH SMITH HOUSE WHOLE PROPERTY HOME BED ROOM ARE EXPOSING CONDITION ITS WAS ACCEPTED IN THE EVIDENCE ACTION CAUSE REFLASHION SERIOUS ALLEGATION FRAGMENTING REQUIRE TURNING PROPERTY REGARDING ASKING CONFIRMLY FOR BOTH ACCOMMODATION TO LEAVE AREA EXTENT REFLECTING CONVENIENCE BOTH PERSON TO LEAVE AREA CONFIDENTIAL LARRY HOLLOWAY RETURN PRESENCE IN THE BACK DOOR RETAINS BREAKEN IN INSTITUTION FACILITY BOARDING CARE MAINTAINED OPENING THE SECURIED DOOR WHERE BOTH US ARE FRIGHTEN

THIS PERSON LARRY HOLLOWAY HAD N/A BUSINESS THEIR IN MY APARTMENT ROOM OF THIS CIRCUMSTANCE EXPLAIN HAPPENLY DECEMBER 31, 2006

b. Supporting cases, rules, or other authority:

ELIJAH SMITH HARMED AN VICTIM WHOM BREAKING ENTERY IN THE HOME WHICH CAUSE HIMSELF GREAT BODILY OF INJURY ON 01-01-2007

8. Did you appeal from the conviction, sentence, or commitment? ☑ Yes ☐ No   If yes, give the following information:
   a. Name of court ("Court of Appeal" or "Appellate Division of Superior Court"):
   LOS ANGELE SUPERIOR COURT OF CALIFORNIA
   b. Result: ATT MURDER 644/187 PC 245 (1) ADW   c. Date of decision: 07/06/2009
   d. Case number or citation of opinion, if known: TA088418
   e. Issues raised: (1) 02: COUNT ATT MURDER 644/187 PC 245 (1) ADW
      (2) TWO YEAR CONVICTION AND ONE YEAR OF PAROLE
      (3) PLEADING NOT GUILTY WITH SELF-DEFENCE
   f. Were you represented by counsel on appeal? ☑ Yes ☐ No   If yes, state the attorney's name and address, if known:
   MATTHEW CHARNEY 200 WEST COMPTON BLVD COMPTON, CA 90220

9. Did you seek review in the California Supreme Court? ☑ Yes ☐ No   If yes, give the following information:
   a. Result: ATT MURDER 644/187 PC 245 (A)(1) ADW   b. Date of decision: 07/06/2009
   c. Case number or citation of opinion, if known: TA088418
   d. Issues raised: (1) 02: COUNT ATT MURDER 644/187 PC 245(A)(1) ADW
      (2) NINE YEAR CONVICTION AND THREE YEAR OF PAROLE
      (3) PLEADING GUILTY WITHOUT SELF-DEFENCE

10. If your petition makes a claim regarding your conviction, sentence, or commitment that you or your attorney did not make on appeal, explain why the claim was not made on appeal:
    MATTHEW CHARNEY DIDN'T WAVIE SELF-DEFENSE IN THE CASE
    BECAUSE CALIFORNIA DOESN'T HAVE SELF-DEFENSE ORDERS

11. Administrative review:
    a. If your petition concerns conditions of confinement or other claims for which there are administrative remedies, failure to exhaust administrative remedies may result in the denial of your petition, even if it is otherwise meritorious. (See *In re Muszalski* (1975) 52 Cal.App.3d 500.) Explain what administrative review you sought or explain why you did not seek review:
    REVIEW OVER CASE TRANSCRIPT TESTIFY OF MOTION
    GIVEN IN CONFINEMENT SELF-DEFENSE RESULT
    BEFORE THE COURT JUDGE MR JERRY E JOHNSON
    MOTION ARE WAVIED APPELLATE APPEAL COMPTON
    SUPERIOR COURT OF CALIFORNIA CONDITION REVIEW
    SELF/DEFENSE SEEKING GIVEN ORDERS BY THE UNITED
    STATE MAGISTRATE JUDGE MR DAVID T. BRISTOW
    PUBLISHER INC. ONE PARK AVENUE NEW YORK, NY 10016

    b. Did you seek the highest level of administrative review available? ☑ Yes ☐ No
    Attach documents that show you have exhausted your administrative remedies.

12. Other than direct appeal, have you filed any other petitions, applications, or motions with respect to this conviction, commitment, or issue in any court? ☒ Yes  If yes, continue with number 13.  ☐ No  If no, skip to number 15.

13. a. (1) Name of court: THE UNITED STATE DISTRICT COURT

   (2) Nature of proceeding (for example, "habeas corpus petition"): CV10-1577 GAF (DTB)

   (3) Issues raised: (a) ATT MURDER 644/187 PC 245 (1) ADW

   (b) THREE YEARS CONVICTION SENTENCE

   (4) Result (attach order or explain why unavailable): HEARING OF THE JURY TRAIL

   (5) Date of decision: APRIL 05, 2010

   b. (1) Name of court: THE UNITED STATE DISTRICT COURT

   (2) Nature of proceeding: NOT GUILTY ON SELF/DEFENSE

   (3) Issues raised: (a) 01: COUNT ATT MURDER 644/187 PC 245 (1) ADW

   (b) TWO YEARS OF CONVICTION AND ONE YEAR OF PAROLE

   (4) Result (attach order or explain why unavailable): SELF-DEFENCE

   (5) Date of decision: APRIL 05, 2010

   c. For additional prior petitions, applications, or motions, provide the same information on a separate page.

14. If any of the courts listed in number 13 held a hearing, state name of court, date of hearing, nature of hearing, and result:
THE UNITED STATE DISTRICT COURT APRIL 5, 2010
02: COUNT ATT MURDER 644/187 PC 245 (1) ADW RESULT TWO YEARS

15. Explain any delay in the discovery of the claimed grounds for relief and in raising the claims in this petition. (See In re Swain (1949) 34 Cal.2d 300, 304.)
THE COURT FEELS THE DEFENDANT IS STILL INCOMPETENT
STAND TRAIL ON 12/05/2008 IN COMPTON COURT DEPT 002

16. Are you presently represented by counsel? ☒ Yes  ☐ No  If yes, state the attorney's name and address, if known:
MR MATTHEW CHARNEY
200 WEST COMPTON BLVD COMPTON, CALIFORNIA 90220

17. Do you have any petition, appeal, or other matter pending in any court? ☒ Yes ☐ No  If yes, explain:
THE UNITED STATE DISTRICT COURT APPEAL IN ROOM 134
3470 TWELFTH STREET RIVERSIDE, CALIFORNIA 92501

18. If this petition might lawfully have been made to a lower court, state the circumstances justifying an application to this court:
SUPERIOR COURT OF CALIFORNIA
200 WEST COMPTON BLVD COMPTON, CALIFORNIA 90220

I, the undersigned, say: I am the petitioner in this action. I declare under penalty of perjury under the laws of the State of California that the foregoing allegations and statements are true and correct, except as to matters that are stated on my information and belief as to those matters, I believe them to be true.

Date: MARCH 15, 2010                    ▶ *Elijah M. Smith Jr.*
                                              (SIGNATURE OF PETITIONER)

MC-275 [Rev. January 1, 2009]    PETITION FOR WRIT OF HABEAS CORPUS    Page 6 of 6

# NOTICE PARTY SERVICE LIST

**Case No.** _____   **Case Title** _____

**Title of Document** _____

| | | | | |
|---|---|---|---|---|
| ☐ | ADR | | ☐ | US Attorneys Office - Civil Division -L.A. |
| ☐ | BAP (Bankruptcy Appellate Panel) | | ☐ | US Attorneys Office - Civil Division - S.A. |
| ☐ | BOP (Bureau of Prisons) | | ☐ | US Attorneys Office - Criminal Division -L.A. |
| ☐ | CA St Pub Defender (Calif. State PD) | | ☐ | US Attorneys Office - Criminal Division -S.A. |
| ☐ | CAAG (California Attorney General's Office - Keith H. Borjon, L.A. Death Penalty Coordinator) | | ☐ | US Bankruptcy Court |
| ☐ | Case Asgmt Admin (Case Assignment Administrator) | | ☐ | US Marshal Service - Los Angeles (USMLA) |
| ☐ | Chief Deputy Admin | | ☐ | US Marshal Service - Riverside (USMED) |
| ☐ | Chief Deputy Ops | | ☐ | US Marshal Service -Santa Ana (USMSA) |
| ☐ | Clerk of Court | | ☐ | US Probation Office (USPO) |
| ☐ | Death Penalty H/C (Law Clerks) | | ☐ | US Trustee's Office |
| ☐ | Dep In Chg E Div | | ☐ | Warden, San Quentin State Prison, CA |
| ☐ | Dep In Chg So Div | | | |
| ☐ | Federal Public Defender | | | |
| ☐ | Fiscal Section | | | |
| ☐ | Intake Section, Criminal LA | | | |
| ☐ | Intake Section, Criminal SA | | | |
| ☐ | Intake Supervisor, Civil | | | |
| ☐ | MDL Panel | | | |
| ☐ | Ninth Circuit Court of Appeal | | | |
| ☐ | PIA Clerk - Los Angeles (PIALA) | | | |
| ☐ | PIA Clerk - Riverside (PIAED) | | | |
| ☐ | PIA Clerk - Santa Ana (PIASA) | | | |
| ☐ | PSA - Los Angeles (PSALA) | | | |
| ☐ | PSA - Riverside (PSAED) | | | |
| ☐ | PSA - Santa Ana (PSASA) | | | |
| ☐ | Schnack, Randall (CJA Supervising Attorney) | | | |
| ☐ | Statistics Clerk | | | |

☐ ***ADD NEW NOTICE PARTY*** **(if sending by fax, mailing address must also be provided)**

Name:

Firm:

Address (*include suite or floor*):

*E-mail:

*Fax No.:

* For CIVIL cases only

***JUDGE / MAGISTRATE JUDGE (list below):***

**Initials of Deputy Clerk** _____